Argued December 21, 1921, affirmed February 7, 1922.

## STAFFORD ET AL. v. MULTNOMAH COUNTY DRAINAGE DIST. No. 1.

### (204 Pac. 158.)

**Eminent Domain—Condemnation Proceedings Purely Statutory.**

1. Condemnation proceedings are purely statutory and in derogation of common right, and the statutory authority must be strictly pursued and every condition or other prerequisite to the exercise of the jurisdiction observed.

**Eminent Domain—Illegal Entry upon Private Land Under Color of Eminent Domain Restrained Without Regard to Statutory Remedy.**

2. Where a drainage district organized under General Laws of 1915, page 540, and acts amendatory thereof and supplemental thereto (Sections 7247–7280, Or. L.), makes an illegal entry upon private land to construct a levee under color of eminent domain, it may be restrained, without regard to the statutory remedy provided in such act.

**Eminent Domain—Land Owners Held not Estopped to Enjoin Construction of Levee upon Land.**

3. Land owners *held* not estopped from prosecuting suit to enjoin a drainage district organized under General Laws of 1915, page 540, and acts amendatory thereof and supplemental thereto (Sections 7247–7280, Or. L.), from constructing a levee on their land by reason of their failure to object to the formation of the district or to appeal from a decree validating all acts done in organizing the district, under Sections 7248, 7249, Or. L.; the record disclosing nothing relating to condemnation of plaintiffs' land.

**Eminent Domain—Land Owners not Estopped to Object to Construction of Levee by Failure to File Exceptions to Report of Commissioners.**

4. Land owners were not estopped to sue to restrain the district from constructing a levee on their lands by failure to appear or file exceptions to the report of the commissioners appointed to view

the premises and determine the value of all land within or without the district to be acquired and used for rights of way, etc., where there was no definite description of the property intended to be taken for the levee.

**Eminent Domain—Land to be Condemned must be Definitely Described.**

5. When land of an individual is sought to be condemned for public purposes, a definite description of the property shall be given.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

This is a suit in equity brought by plaintiffs to quiet title to certain real property situate within the exterior boundaries of Multnomah County Drainage District No. 1, and to enjoin a threatened trespass under claim of right. The defendant Drainage District is a municipal corporation organized under Chapter 340, General Laws of Oregon, 1915, and acts amendatory thereof and supplemental thereto (Chapter XI, Title XLI, Or. L.).

Plaintiffs aver that they are the owners in fee simple and in the actual possession of the real property described as "Tract 'E,' Love's Addition, in Multnomah County, Oregon."

The defendant admits that it claims an interest in the real property described in plaintiffs' complaint, to the extent of an easement for the construction and maintenance of a levee across a portion thereof, and that it will enter upon the property for the purpose of constructing and maintaining such levee. For a further and separate answer and defense the defendant avers, among other things, that Tract "E" of Love's Addition is situate in the extreme northwest corner of the proposed drainage district, and that the plan for reclamation, as provided and adopted in the organization of the district, provides only for the construction of a levee across a portion thereof. The

defendant further alleges that plaintiffs are estopped from prosecuting this suit for the following reasons:

1. That plaintiffs made and filed no objections to the organization of the district, or to the inclusion of their lands therein.

2. That they failed to make or file any objections to the report of the commissioners appointed to appraise the land to be taken for rights of way, holding basins or other works and to assess the benefits and damages to any and all lands and other property affected.

3. That subsequent to the organization of the district and the report of the commissioners in accordance with Chapter 390, Laws of 1919 (Sections 7358-7360, Or. L.), a judicial examination and judgment as to the regularity and legality of all proceedings in connection with the organization of the defendant district and proceedings subsequent thereto was had in the Circuit Court of the State of Oregon in and for the county of Multnomah, at which hearing the court found that each and every step and act necessary or proper to be taken and performed had been taken and performed by the district, such decree confirming and validating all acts and things done by the district prior to said date; and plaintiffs herein failed to make any objection to said proceedings, or to appeal from the decree of the court.

Upon trial of the case, the court made the following findings of fact:

That plaintiffs are the owners in fee simple and in the actual possession of Tract "E" of Love's Addition, in Multnomah County, Oregon.

That defendant, without any foundation claims an interest in Lot "E" adverse to plaintiffs, which claim is of the right to build and make a dike upon the same, and has threatened to, and will if not restrained, enter upon Lot "E" and deprive the plaintiffs of the possession of an undetermined part thereof, to their irreparable damage.

Based upon its findings of fact and conclusions of law, the court decreed that plaintiffs are the owners in fee simple of the real property described in the complaint as "Tract 'E' of Love's Addition, in Multnomah County, Oregon," and enjoined and restrained defendant from in any manner interfering with plaintiffs' possession thereof.

On appeal to this court error is assigned as follows:

"That the trial court erred in finding that appellant's claim in the real property of respondents was without foundation of right.

"That the trial court erred in its conclusion of law that appellant had no interest * * in said real property.

"That the trial court erred in issuing an injunction and restraining order * * .

"That the findings of fact and conclusions of law are not supported by the evidence * * .

"That the trial court erred in making and assigning findings of fact and conclusions of law in favor of respondents * * and in granting a decree in favor of said respondents * * ."

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Teal, Minor & Winfree,* with an oral argument by *Mr. A. B. Winfree.*

For respondents there was a brief and oral argument by *Mr. William M. Gregory.*

BROWN, J.—The question here involved is: "Was plaintiffs' land lawfully condemned?"

1. Condemnation proceedings are controlled by the statute in all jurisdictions. It is a principle of law so well settled as to need no citation that condemnation proceedings are purely statutory and in derogation of common right, and the statutory authority

must be strictly pursued and every condition or other prerequisite to the exercise of the jurisdiction observed.

There is no attempt by this suit to invalidate the organization of Multnomah County Drainage District No. 1. A careful examination of all the steps taken and acts done in forming the district shows that it was legally organized. Tract "E" of Love's Addition, the property of plaintiffs, constitutes a part of the district. This does not mean, however, that the greater portion of this parcel of real property, as asserted by the defendant, has been condemned as a right of way for a levee. There is a marked distinction between the inclusion of one's land in a drainage district and the condemnation of that same land for a right of way for a levee or other public use.

2. It appears from the testimony offered that the right of way for the levee involved in this controversy extends over Tract "E," a triangular parcel of land containing 1.37 acre, with a frontage of 125 feet on Columbia Slough to the north. Plaintiff Wier has a boat-house there and uses the land as a parking ground for automobiles belonging to fishing parties to whom he rents row-boats. Plaintiffs claim that the value of this parcel of land is $2,500, or more. Defendant seeks to appropriate all but .30 acre of this land for levee purposes, and to pay therefor in benefits because, when reclaimed, it will yield grass more abundantly.

The defendant contends that plaintiffs are bound to pursue their statutory remedy set down in the Drainage Act. Indeed, such is the general rule.

"It is settled by the great preponderance of authority, that when land is taken or damaged by authority of a constitutional statute and in compliance with its provisions, and the statute provides the means of

recovering damages which may be instituted by the owner of the land, the statutory remedy is exclusive." 10 R. C. L., § 190, p. 223.

But the editors of that work, based upon ample authority, wrote that:

"When an illegal entry upon private land under color of eminent domain is undertaken or threatened, it will be restrained by a court of equity without regard to the customary requirements of equitable jurisdiction. * * The equitable jurisdiction in such a case is based upon the attempted misuse of the sovereign power delegated by the legislature and upon the inequality of the parties by reason of the grant of a prerogative right to one of them." 10 R. C. L., § 193, p. 228.

In the case at issue, the drainage district has never taken possession of the land alleged to have been condemned; nor does it appear that the plaintiffs have ever treated the parcel sought by the defendant as other than their own property.

3. It is asserted that the plaintiffs are estopped from prosecuting this suit because of their failure to appear and show cause why the prayer in the petition to organize the district should not be granted. We will examine the petition. In complying with the provisions of section 7247, Or. L., it alleged that petitioners were persons shown by the records of Multnomah County to be the owners of 50 per cent of the acreage in a contiguous body of swamp, wet, or overflowed land, and that they presented to the County Court of the State of Oregon for the county of Multnomah their petition in order that they might form a drainage district for the purpose of having such lands reclaimed and protected by drainage from the effects of water, for agricultural purposes. As required by statute, the petition set forth:

"(1) The name proposed for such district;

"(2) The boundary lines of the district * * ;

"(3) The total acreage included in the district * * ;

"(4) The names of owners of land in said district;

"(5) An allegation that the proposed reclamation or protection is for sanitary or agricultural purposes, or both * * ;

"(6) An allegation that all of the lands included in said proposed district are properly included therein * * ;

"(7) An allegation that the benefits of such proposed reclamation or protection will exceed the damages to be done * * ;

"(8) An allegation that the formation of a drainage district * * is a proper and advantageous method of accomplishing the reclamation * * of the lands included therein.

"(9) A brief, general, informal statement of a proposed plan of reclamation or protection and such general facts as will enable the court to determine that there is a reasonable probability that the objects sought by the formation of the district may be accomplished;

"(10) An agreement that the signers will pay * * all expenses incurred * * or taxes that may be levied against their lands for the purpose of paying the expense of organizing * * ;

"(11) A prayer asking that the lands described * * shall be declared organized into a district."

Sections 7248 and 7249, Or. L., relate to the procedure on the hearing on the petition and on objections to the organization of the proposed district.

The record thus far discloses nothing that relates to the condemnation of the lands of plaintiffs for the purpose of the construction and maintenance of a levee. The failure of plaintiffs to object to the formation of the district referred to does not constitute an estoppel.

4. It is next averred that plaintiffs are estopped because of their failure to appear or file exceptions to the report of the commissioners appointed to view the premises and determine the value of all land within or without the district to be acquired and used for rights of way, holding basins, or other works set out in "the plan for reclamation."

Tract "E" is embraced within the following excerpt from the report of the commissioners:

"Beginning at the Union Avenue approach to the Interstate Highway Bridge and extending to the proposed dam in Columbia Slough above the mouth of McBride Slough, we find that practically all the land required is covered at a stage of water equal to twenty feet, Portland gage, and that practically none of such land has ever been cultivated or used for any purpose other than pasture, and that most of it remains covered with timber and brush. The construction of an embankment upon such land will therefore permit of a greater use than at present, the levee affording pasturage of a better quality than that now existing upon the frequently overflowed banks of Columbia Slough, and we find that where *only a right of way for a levee is required* no damage is sustained, but that such land within the limits of such right of way shall be excluded from the assessment zones and bear no part of the cost of the proposed work." Par. 16, p. 49.

On page 9 of the report we find the following:

"Considering each ownership separately, we have, in reference to Tract 'E,'—

"Stafford, Lewis G. Owner of Block 'E,' Love's Addition, except city's channel.

"0.30 acres in Zone 4. No benefits."

The commissioners were furnished a complete list of all lands in the district and the names of the owners of such property as were contained in the petition at the date of the decree of the court incorporating

the district, together with a copy of "the plan for reclamation," with maps and profiles of record in the office of the secretary, as provided by statute.

5. The map in question is sufficient to meet the requirements of the law in the formation of a drainage district, but for the purpose of condemnation it does not contain a sufficient description of the real property of plaintiffs. It is a fundamental principle that when the land of an individual is sought to be condemned for public purposes, a definite description of the property shall be given. In the case at issue, even the chief engineer could not figure the amount of land claimed to have been condemned without consulting his own notes. He testified:

"Q. Are you familiar with the plans and specifications for the levee?

"A. I am.

"Q. Have you those plans and specifications with you?

"A. The plan of reclamation is one of the documents on file there and I have a copy of the written part. There were no special specifications written for that part, because that part of the work is being constructed by the City of Portland under agreement with the drainage district. I can give you the height and the slopes and width of the levee * * .

"Q. You say there are no particular plans for that part of the work?

"A. Only that we specified the height to which the levee should be built and the width of the top and the slopes. The city agreed to build it to those dimensions.

"Q. Will you show us in there where it is so stated?

"A. I will have to refer to different sections to get at that properly. * *

"By the Court: From the water's edge back to the inside slope of the embankment will, in your judgment, be approximately eighty feet?

"A. Ninety including the berm.

"Q. Then the district proposes to take ninety feet off the slough end of this Tract 'E'?

"A. Yes.

"Q. And cover it up and render it unavailable in its present state for the owner to use?

"A. Yes.

"Q. Then there will remain available to the owner what?

"A. These lines are not drawn to scale, because they are made rough and heavy and the plan for reclamation map is reduced very much. Our idea was to get a map not too bulky for filing. This is much enlarged. * *

"Q. Well, we will take a short recess while you arrive at those figures.

"(Recess.)

"By the Witness: I would like to say, your Honor, I have found my notes giving the exact area of the lands inside of the levee. The total acreage is 1.37. Inside of the levee is .30, three tenths of an acre."

It was the duty of the defendant drainage district, if it would acquire a right of way over real property by eminent domain, so to describe the land it would take as to enable the land owner to know what part and how much of his land was about to be taken from him or affected by such condemnation proceedings.

In the establishment of a public road, the owner of the land is advised as to the course of the highway, its width, the point of entrance upon his land and exit therefrom. He is thus enabled to know how much of his property has been taken for the purpose of a public highway, where situate, and is enabled to estimate his damage, if any. In the formation of diking districts, the routine of procedure, as far as practicable, is the same as that prescribed by the road law of the state for the location and establishment of county roads. In acquiring a right of way

for diking purposes, it is the duty of the viewers and surveyor in the performance of their labors to trace upon the ground the line of any proposed dike. In an action by the state, or by any of its agencies, designed for condemning real property, the petition or complaint demanding condemnation must contain an accurate description of the property to be acquired. For the reason that the location of the levee upon Tract "E" is so very indefinite and uncertain, the plaintiffs have not been estopped by their failure to appear and file exceptions to the report of the commissioners.

How much of plaintiffs' land is to be occupied by the levee? What are the boundaries of the lands subjected to defendant's easement? Subsequent to the alleged condemnation proceedings, but not until after the institution of this suit and upon its trial, does there appear a description of the location of the levee intended to be constructed upon Tract "E" that is sufficient under the law to satisfy the requirements of a proceeding in eminent domain.

It is quite evident that land not described cannot be condemned. If the right of way for the levee was never condemned, there was nothing to confirm in relation thereto, in the special proceedings had in the Circuit Court. This being true, no part of Lot "E" of Love's Addition has been acquired as an easement by the defendant district under the right of eminent domain. It is the property of plaintiffs, and the defendant, if it should go upon the land, is a mere trespasser.

This case is affirmed.                    AFFIRMED.

BURNETT, C. J., and BEAN and McCOURT, JJ., concur.