Argued and submitted September 10, 1981, reversed and
remanded for further proceedings February 8, 1982

MORSE BROS. PRESTRESS, INC.,
*Appellant,*

. *v.*

CITY OF LAKE OSWEGO et al,
*Respondents.*

(No. 81-1-389, CA A20357)

640 P2d 650

Phil Cass, Jr., Eugene, argued the cause for appellant. With him on the briefs was Young, Horn, Cass & Scott, Eugene.

James M. Coleman, City Attorney, Lake Oswego, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff brought an action against the City of Lake Oswego and its public works director (defendants), alleging that certain invitations to bid on three water tanks issued by defendants violated ORS 279.017 by expressly or impliedly requiring certain products of a single seller, BBR Prestressed Tanks, Inc. (BBR), to the exclusion of plaintiff and other suppliers. Plaintiff sought a declaration that the contract would be unlawful and void,[1] an order restraining defendants from opening bids or awarding the contract and other relief.

Pursuant to ORCP 21A, defendants moved to dismiss plaintiff's complaint on grounds that plaintiff (1) lacked legal capacity to sue; (2) was not a real party in interest; and (3) failed to state ultimate facts sufficient to constitute a claim. The trial court granted the motion, based on findings that " * * * the contract bid documents for defendants' project require that all bidders must prequalify in accordance with the bid documents in order to have a bid considered for award of the contract * * * [and] plaintiff failed to prequalify and therefore has no standing to bring plaintiff's action."[2] On appeal, plaintiff assigns as the sole error the trial court's dismissal of the declaratory judgment action.

Plaintiff is an Oregon corporation which builds prestressed concrete storage tanks. In December, 1980, defendants solicited bids on a contract for construction of three reservoirs designed to utilize prestressed concrete tanks. Specifications for the tanks were furnished by a California-based corporation, BBR. Plaintiff did not attempt to bid on the proposed contract as a general contractor, but planned to participate as a subcontractor by supplying the tanks to a primary bidder. Plaintiff contends that it was foreclosed from so participating because only one company, BBR, was able to meet the specifications.

---

[1] Plaintiff's complaint prayed for a decree declaring the contract unlawful and void. At that time no contract had been entered into between the City and a contractor. The "contract," therefore, was merely a proposal and will be treated as such for purposes of this appeal.

[2] According to the city's project bid documents, a general contractor must prequalify with the city; no such requirement exists for subcontractors.

ORS 279.017(1) prohibits a public agency from offering for competitive bidding a proposed contract which contains specifications which "expressly or implicitly require any product by any brand name or mark, [or] the product of any particular manufacturer or seller unless the product is exempt under [ORS 279.017(2)] * * *."

A plaintiff seeking a declaratory judgment under ORS chapter 28 must show that he is a person "whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise * * *." ORS 28.020. The Supreme Court has interpreted this statute to mean that plaintiff must show some injury or other impact on a legally recognized interest beyond an abstract interest in the correct application or the validity of the law. *Budget Rent-a-Car v. Multnomah Co.,* 287 Or 93, 95, 597 P2d 1232 (1979); *see also, Gortmaker v. Seaton,* 252 Or 440, 443, 450 P2d 547 (1969).

Plaintiff has alleged in its complaint that defendants, by basing the construction contract on plans and specifications "designed to exclude the tanks or techniques of any manufacturer, seller or competitor of BBR," have "denied [plaintiff] the opportunity to bid to any contractor submitting a bid to the City" in violation of ORS 279.017(1). Plaintiff contends that this allegation of unlawful exclusion from the bidding process is sufficient to show that a legally recognized interest of plaintiff has been affected. Defendants argue that plaintiff's case is based solely on an abstract interest in the correct application of the city's contract and purchasing procedures and that plaintiff has no standing, because it is not directly involved in the bidding.

■ Under the tests recited in *Budget Rent-a-Car* and *Gortmaker,* standing to bring a declaratory judgment proceeding does not depend on the *direct* involvement of the plaintiff with the defendant. *See Ore. Newspaper Pub. v. Peterson,* 244 Or 116, 415 P2d 21 (1966), in which the Supreme Court held that the plaintiff newspaper publishers had standing to challenge a rule adopted by the State Board of Pharmacy prohibiting its members from

advertising prescription drugs.[3] The proper question is whether plaintiff has alleged an impact on some legally recognized interest of plaintiff great enough to assure an adversary proceeding sufficient for adequate presentation of the issues. *Gortmaker v. Seaton, supra,* 252 Or at 444.

■    In the present case, plaintiff has more than an abstract interest in seeing that the city complies with statutory requirements. Plaintiff has an economic interest in protecting its ability to bid as a subcontractor on this public contract. Plaintiff's allegation that it is prevented from participating in the bidding process due to a violation of ORS 279.017 is sufficient to show that plaintiff's "rights, status or other legal relations are affected" by the application of the statute to the city's actions.

The order of the trial court dismissing plaintiff's declaratory judgment action is reversed, and the case is remanded for further proceedings.

---

[3] Although the action in *Ore. Newspaper Pub. v. Peterson,* 244 Or 116, 415 P2d 21 (1966), was brought under ORS 183.400, relating to declaratory rulings under the APA, the court adopted the holding in a subsequent case dealing with ORS ch 28. *Gortmaker v. Seaton,* 252 Or 440, 450 P2d 547 (1969).