Argued and submitted September 20, 1999, affirmed June 7, 2000

# WAREMART, INC.,
## an Idaho corporation,
### *Appellant,*

### *v.*

# Jason Scott MATHIAS,
### *Defendant,*
### *and*

# STATE OF OREGON,
### *Respondent.*

## (9806-04107; CA A104788)

7 P3d 538

Charles F. Hinkle argued the cause for appellant. With him on the briefs was Stoel Rives LLP.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

In this action for declaratory and injunctive relief, plaintiff Waremart, Inc. (Waremart), asserts that, if the State of Oregon requires that it permit members of the public to solicit initiative petition signatures on Waremart property, it will suffer a deprivation of various constitutional rights. The trial court dismissed the action on the ground that Waremart's claims are nonjusticiable, because Waremart failed to allege that the state actually has required it to permit members of the public to gather signatures on its private property. We agree and affirm.

In reviewing the dismissal of the action, we take the facts as pleaded, drawing all inferences in Waremart's favor. *Erwin v. Oregon State Bar*, 149 Or App 99, 106-07, 941 P2d 1094 (1997).

Waremart owns and operates 11 grocery stores in Oregon. On more than one occasion in April 1998, an individual, Jason Scott Mathias, stationed himself at the entrance of one of Waremart's stores and solicited customers to sign an initiative petition. Store employees asked Mathias to leave, but Mathias insisted that he had a constitutional right to solicit initiative petition signatures on Waremart's property.

Waremart filed a complaint alleging claims against both Mathias and the state. It alleged that Mathias was liable for trespass, nuisance, and interference with business relations. It also alleged that the state was liable for inverse condemnation and violating its rights of free expression. According to Waremart, the state's liability occurs

"[w]hen the State of Oregon authorizes defendant[ ] and others to enter and use property owned or leased and controlled by [Waremart], and when the State of Oregon requires [Waremart] to provide a permanent forum on its property for * * * initiative petitioning purposes."

Waremart did not allege that the state actually had authorized defendant or anyone else to solicit initiative petition signatures on its property. Nor did it allege that the state actually required Waremart to provide a permanent forum on its property for that purpose. Its complaint stated that "the

State of Oregon *would* take [Waremart's] property without just compensation * * * *if* it were to require [Waremart] to provide a forum on its property." (Emphasis added.)

Mathias did not respond to the complaint, and Waremart obtained a default judgment against him. The state then moved to dismiss the claims against it, arguing that the complaint alleged no actual controversy between it and Waremart. In the alternative, the state moved for summary judgment on the merits of Waremart's claims. Waremart, in turn, moved for summary judgment. The trial court allowed the motion to dismiss. The court also granted the state's motion for summary judgment and denied Waremart's motion.

On appeal, Waremart argues that the trial court erred in allowing the motion to dismiss and in ruling for the state on the cross-motions for summary judgment. Because we conclude that the trial court correctly dismissed the complaint on justiciability grounds, we do not address the court's rulings on the summary judgment motions.

■ As a general rule, although an action for declaratory judgment may not be dismissed for failure to state a claim, it may be dismissed if the complaint fails to allege a justiciable controversy. *Erwin*, 149 Or App at 106. The Supreme Court has explained the requirement that there be a justiciable controversy in the following terms:

> "In order for a court to entertain an action for declaratory relief, the complaint must present a justiciable controversy. Justiciability is a vague standard but entails several definite considerations. A controversy is justiciable, as opposed to abstract, where there is an actual and substantial controversy between parties having adverse legal interests. The controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue. * * * The court cannot exercise jurisdiction over a nonjusticiable controversy because in the absence of constitutional authority, the court cannot render advisory opinions."

*Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982) (citations omitted).

■     In this case, Waremart has not alleged an actual and substantial controversy against the state. Indeed, its claims against the state are entirely hypothetical: *If* a member of the public were to seek initiative petition signatures on Waremart's property, and *if* the state—apparently through its court system—were to take the position that Waremart is required to permit that activity to occur on its property, *then* Waremart would suffer an abridgment of its constitutional rights. The problem is that, in this case, no one is asserting the right to seek initiative petition signatures on Waremart property. Waremart alleged that Mathias was such a person, but Mathias made no appearance and has been defaulted.

■     Waremart cites *Lauderback et al. v. Multnomah County*, 111 Or 681, 226 P 697 (1924), and *Stafford v. Multnomah Co. D. Dist. No. 1*, 103 Or 197, 204 P 158 (1922), for the proposition that there need not be an actual injury—in those cases, actual takings of private property—for a claim against the state to be justiciable. We have no quarrel with Waremart's citation of those cases for that limited proposition, but the citations provide no assistance to its assertion that it has alleged a justiciable controversy in this case. While it is not necessary that a taking has been accomplished to state a takings claim against the state, there still must be a *threatened* taking. *Lauderback*, 111 Or at 690-91; *Stafford*, 103 Or at 202. In this case, Waremart has not alleged that the state has threatened to take its property. It has merely alleged that *if* the state ever does so, it would suffer a loss of property rights without compensation.

Waremart also relies on our opinion in *Safeway, Inc. v. OPEU*, 152 Or App 349, 954 P2d 196 (1998), in which we held that, although the defendants had represented that they had no plans to engage in further solicitation of initiative petition signatures on Safeway property, there remained a justiciable controversy. The key to our decision in that case, however, was the fact that the defendants continued to assert *the right* to continue soliciting on Safeway property. In this case, no party asserts that right.

Finally, Waremart insists that its initiation of this action against the state is consistent with this court's holding in *Stranahan v. Fred Meyer, Inc.*, 153 Or App 442, 958 P2d

854, *rev allowed* 328 Or 115 (1998). In *Stranahan*, the plaintiff was arrested for trespass following her refusal to cease soliciting initiative petition signatures on Fred Meyer premises. The plaintiff sued for false arrest, and Fred Meyer asserted as a defense that it had a constitutional right to ask her to leave its private premises; indeed, Fred Meyer asserted that, if it did not have the right to insist that she leave, it suffered a taking of property without compensation in violation of state and federal constitutions. A four-judge plurality of this court rejected Fred Meyer's argument, noting that

> "even if petitioning in shopping centers does implicate Fred Meyer's constitutional rights under the takings clauses of the state and federal constitutions, * * * it simply does not follow that Fred Meyer could arrest Stranahan, a private citizen, because its constitutional rights were supposedly being violated by the state. *If Fred Meyer believed that its property was being taken due to initiative petitioning, it could have initiated an action against the state seeking just compensation.*"

*Id.* at 457-58 (emphasis added; citation omitted). According to Waremart, in filing this action, it simply followed the direction of this court in *Stranahan*.

■      Waremart's reliance on the emphasized statement from the plurality opinion in *Stranahan* is unavailing. To begin with, the statement is *dictum* from a plurality opinion and has no precedential force. Aside from that, the statement does not speak to the issue of justiciability. It simply declares that, if a private property owner believes that its property is *"being taken"* due to initiative petitioning, it may initiate an action for inverse condemnation. In this case, as we have noted, nothing in the complaint alleges that Waremart's property, in fact, has been or is being taken. It alleges only that *"if"* and *"when"* the state requires that Waremart permit members of the public to solicit initiative petition signatures, the state effects a taking of property.

We therefore conclude that the trial court did not err in dismissing this action on the ground that it presents no justiciable controversy.

Affirmed.