Warde H. ERWIN, Plaintiff,

v.

The State of OREGON, by and through the Honorable John KITZHABER, Governor of the State of Oregon; the Oregon State Bar, and its Board of Governors as its Executive Administrator; and the Unknown Insurance Company Providing Malfeasance Insurance for the Officers, Directors, and Employees of the Oregon State Bar, Defendants.

No. CIV.01–177–FR.

United States District Court, D. Oregon.

July 23, 2001.

**1004**

Warde H. Erwin, Portland, OR, Plaintiff Pro Se.

Hardy Myers, Attorney General, Cynthia A. Botsios, Assistant Attorney General, Salem, OR, for State of Oregon Defendants.

Janet M. Schroer, Marjorie A. Speirs, Hoffman, Hart & Wagner, LLP, Portland, OR, for Defendants Oregon State Bar and its Board of Governors as its Executive Administrator.

## OPINION

FRYE, District Judge.

The matters before the court are:

1) defendant Oregon State Bar's motion to dismiss and alternative motion for summary judgment (# 13);

2) defendant State of Oregon's motion to dismiss (# 17);

3) plaintiff's motion for a hearing to present evidence in support of factual statement of counsel (# 28); and

4) plaintiff's motion to strike (# 32).

## FACTS

On April 13, 1995, Warde H. Erwin filed a complaint in the Circuit Court of the State of Oregon for the County of Clackamas against the Professional Liability Fund and the Board of Governors of the Oregon State Bar. In July of 1995, Erwin filed a first amended complaint for a declaratory judgment in this Clackamas County case.

After the Clackamas County judge granted the defendants' Rule 21 motions against the first amended complaint, Erwin filed a second amended complaint against the Oregon State Bar and the Board of Governors of the Oregon State Bar. The Clackamas County judge granted the defendants' Rule 21 motions to dismiss or to strike Counts 2 through 8 of the second amended complaint. Erwin then filed a notice of appeal from the judgment dismissing his claims in the Clackamas County case.

On July 2, 1997, the Court of Appeals for the State of Oregon affirmed in part and reversed in part. *Erwin v. Oregon State Bar*, 149 Or.App. 99, 941 P.2d 1094 (1997). The Oregon Court of Appeals found that Erwin had stated a claim in Counts 3, 4 and 6 described by the court as follows:

> In Count 3, plaintiff alleges that the automatic suspension provision of ORS 9.200 for nonpayment of PLF assessments is unconstitutional because it deprives a nonpaying member of due process of law.

149 Or.App. at 107, 941 P.2d 1094.

> Count 4 alleges that the suspension of a member of the Bar from the practice of law for failure to pay the PLF assessment is a taking of property without just compensation in violation of both the Oregon and United States Constitutions.

*Id.* at 109, 941 P.2d 1094.

> Count 6 alleges that the Bar collects two kinds of assessments, "Annual assessments" and "Supplemental under-

writing assessments." Plaintiff further alleges that the Board "uses the funds collected by such assessment for numerous activities unauthorized by ORS 9.080 to the extent of hundreds of thousands of dollars annually . . . ."

*Id.* at 110, 941 P.2d 1094.

The Oregon Court of Appeals remanded the case for resolution of Counts 3, 4 and 6. *Id.*

Upon remand and after further proceedings, a trial to the court was held before a state circuit court judge on April 9, 1998. On May 22, 1998, the state trial judge filed a letter opinion stating as follows:

The Court finds and concludes as follows:

1. In 1977 the Oregon Legislature authorized the Board of Governors of the Oregon State Bar to establish a "Professional Liability Fund" to provide all Oregon attorneys in private practice with professional liability insurance.

2. The Professional Liability Fund (PLF) was thereupon established by the Board of Governors and its membership and has been providing insurance coverage to Oregon lawyers for twenty years.

3. The PLF is funded by assessments collected from members of the Oregon State Bar who are in private practice.

4. The fund created by such assessments is used for the following purposes:

A. To defend claims against bar members;

B. To pay settlements of claims against bar members;

C. To pay covered claims bar members may become legally obligated to pay;

D. To fund Loss Prevention Educational programs;

E. To fund Attorney Assistance programs to limit exposure;

F. To pay operating costs associated with administering the PLF.

5. The foregoing expenditures are authorized by ORS 9.080 and ORS 9.200, are rationally related to the establishment and operation of the PLF and are necessary and convenient to its implementation.

. . . .

9. The claims of Intervenor are without merit for the reasons noted. Further, certain claims of Intervenor exceed the scope of plaintiff's Second Amended Complaint. On their merits, such claims have been heretofore resolved by way of an executed settlement agreement to which Intervenor was a party.

The Court finds for the defendant on all issues herein and adopts the rationale set forth in defendant's well-reasoned Trial Memorandum.

The questioned statutes are, in all respects, constitutional and the expenditures of the PLF are authorized by statute . . . .

Exhibit V to Affidavit of Marjorie A. Speirs in Support of Defendant Oregon State Bar's Motion to Dismiss and Alternative Motion for Summary Judgment.

Erwin filed a notice of appeal with the Oregon Court of Appeals. On April 5, 2000, the Oregon Court of Appeals affirmed without opinion.

Erwin filed a petition for review with the Oregon Supreme Court. On August 15, 2000, the Oregon Supreme Court denied his petition for review.

Erwin did not file an appeal to the United States Supreme Court.

On February 6, 2001, plaintiff Warde H. Erwin filed this action in the United States District Court for the District of Oregon. In this action, plaintiff Erwin alleges that he is a member in good standing of the Oregon State Bar, and that he brings this

"PETITION for Declaratory Judgment Under Title 28, U.S.C. # 2201" against defendants "THE STATE OF OREGON, BY AND THROUGH THE HONORABLE JOHN KITZHABER, Governor of the State of Oregon; THE OREGON STATE BAR, AND ITS BOARD OF GOVERNORS AS ITS EXECUTIVE ADMINISTRATOR, and the UNKNOWN INSURANCE COMPANY PROVIDING MALFEASANCE INSURANCE, for the Officers, Directors, and Employees of the Oregon State Bar." Petition for Declaratory Judgment, p. 1.

Erwin further alleges that this action is based upon "Title 28 USC 2201" and raises a question of the validity of legislation by the Oregon State Legislature under Amendments V and XIV of the Constitution of the United States of America as affecting the plaintiff and all members of the Oregon State Bar as a class in their relation to the defendants in the administration of the Oregon State Bar's Professional Liability Fund.

Erwin cites to O.R.S. 9.080 and O.R.S. 9.200 authorizing the Board of Governors to establish the Lawyers' Liability Fund. Erwin alleges that the Board of Governors chose to enforce the collection of monetary assessments to be levied against the members of the Oregon State Bar in order to finance the Professional Liability Fund by suspending and withdrawing the right of any member to engage in the practice of law automatically and without a hearing upon the failure to pay any such assessment so levied and to automatically deprive the member of the right to vote.

Erwin further alleges that the adoption and implementation of these legislative actions as administered by the Oregon State Bar violate the following provisions of the United States Constitution: 1) Amendment XIV privileges and immunities; 2) Amendment V and XIV due process; 3) Amendment XIV equal protection of the laws and immunities; and 4) Amendment V taking of private property for public use without just compensation.

Erwin alleges that the Legislature of the State of Oregon has deliberately violated each of said federal constitutional provisions in regard to the establishment of a Professional Liability Fund and its enforcement by levying monetary assessments against each member of the Bar and by enforcing and compelling payment of said assessment by withdrawing each member's right to practice law in the event of failure to pay any such assessment.

In his petition, Erwin alleges that he filed an action for declaration of his status as a member of the Oregon State Bar in relation to the administration of the Lawyers' Professional Liability Fund of the State of Oregon in the Circuit Court of the State of Oregon. Erwin alleges that the Circuit Court of the State of Oregon in the earlier state court action refused to make a determination as requested, but instead dismissed his complaint without explanation or findings.

Erwin seeks a declaration by this federal court that the State of Oregon, by and through its legislative branch, made and adopted laws which abridged the privileges and immunities of citizens of the United States engaged in the private practice of law within the perimeters of the State of Oregon, as well as an order to show cause why the defendants should not be "held to account to the members of the Oregon State Bar for all expenditures for purposes other than reimbursement to such members for such monetary funds as any member had become legally obligated to pay as money damages because of a certain claim made against said member by a client as a result of any act or omission of such member in rendering or failing to render professional services for others in the member's capacity as attorney

or legally responsible ...." Petition for Declaratory Judgment, p. 30. Erwin seeks a "judgment against defendant Oregon State Bar and its insurance company in the amount of Two Million nine hundred twenty-five thousand dollars ...." *Id.* at 31, 941 P.2d 1094.

## CONTENTIONS OF THE PARTIES

The defendants move to dismiss this action or, in the alternative, for summary judgment on the grounds that 1) this court lacks subject matter jurisdiction because the petition of the plaintiff is barred by the grant of immunity in the Eleventh Amendment to the United States Constitution; 2) this court lacks subject matter jurisdiction because the plaintiff's petition is barred by the *Rooker–Feldman* doctrine; and 3) the plaintiff's petition is barred on the grounds of issue preclusion and claim preclusion.

Erwin contends that the Eleventh Amendment only bars actions against a state by citizens of another state and does not bar actions against a state by citizens of the same state. Erwin contends that the *Rooker–Feldman* doctrine is not applicable to a request for a judicial declaration of the actions of the State of Oregon in violating a provision of the United States Constitution.

Erwin further contends that claim preclusion does not bar this action because no final judgment embracing all issues was ever entered. Erwin contends that claim preclusion does not apply to constitutional questions because constitutional questions may be raised at any time on appeal if a court is persuaded that the issue is of sufficient concern.

## ANALYSIS

*1. Eleventh Amendment*

■ The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prose-

cuted against one of the United States by Citizens of another State ...." In *Hoohuli v. Ariyoshi,* 741 F.2d 1169, 1173 (9th Cir. 1984), the United States Court of Appeals for the Ninth Circuit stated that the Eleventh Amendment applies to limit a federal court from entertaining "an action brought by a citizen against his or her own state."

■ The Eleventh Amendment bars citizens from bringing suits in federal court against a state for prospective relief or for money damages unless immunity is waived by the state or abrogated by the United States Congress. *Cory v. White,* 457 U.S. 85, 90–91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982). Erwin seeks a money judgment for more than $3,000,000, as well as a judicial declaration providing him prospective relief; however, there has been no waiver by the State of Oregon or abrogation of immunity by the United States Congress. This federal court lacks subject matter jurisdiction because Erwin's petition is barred by the Eleventh Amendment to the United States Constitution.

■ The Oregon State Bar is an arm of the State of Oregon and is entitled to immunity from suit in federal court as provided by the Eleventh Amendment to the United States Constitution. O.R.S. 9.010; *see Hirsh v. Justices of Supreme Court of Cal.,* 67 F.3d 708, 715 (9th Cir. 1995).

*2. Issue and Claim Preclusion and the Rooker–Feldman Doctrine*

■ Under the Full Faith and Credit Act, federal courts must give state judicial proceedings "the same full faith and credit ... as they have by law or usage in the courts of [the] State ... from which they are taken." 28 U.S.C. § 1738. A federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Robi*

*v. Five Platters, Inc.,* 838 F.2d 318, 322 (9th Cir.1988).

> Claim preclusion provides that a:
> "plaintiff who has prosecuted one action against a defendant through to a final judgment * * * is barred [*i.e.,* precluded] * * * from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."

*Drews v. EBI Cos.,* 310 Or. 134, 140, 795 P.2d 531 (1990) (quoting *Rennie v. Freeway Transport,* 294 Or. 319, 323, 656 P.2d 919 (1982)).

 Claim preclusion prohibits a party from relitigating a cause of action against the same defendant involving the same factual transaction as was litigated in the previous adjudication. *Shuler v. Distribution Trucking Co.,* 164 Or.App. 615, 621, 994 P.2d 167 (1999), *rev. denied,* 330 Or. 375, 6 P.3d 1104 (2000). Claim preclusion arises when the parties have had the opportunity to litigate the issue. *Drews,* 310 Or. at 140, 795 P.2d 531.

 Issue preclusion, on the other hand, prevents relitigation of a legal or factual issue if the issue was "actually litigated and determined" in a setting where "its determination was essential to" the final decision reached. *Id.* at 139, 795 P.2d 531 (internal quotations omitted).

 The record in this case establishes clearly that Erwin had the opportunity to litigate and in fact did litigate in the state court action the same claims and issues raised in this federal court action against the same parties. The state court action raised and resolved the same issues raised in this federal action against the same

defendants. The state trial court found, in relevant part, that:

> 6. The suspension provision of ORS 9.200 for non payment of PLF assessments is not violative of constitutional "due process" requirements as alleged in Count 3 of plaintiff's Second Amended Complaint.
>
> 7. The suspension provision of ORS 9.200 is not an unconstitutional "taking" of property without just compensation as alleged in count 4 of plaintiff's Second Amended Complaint.
>
> 8. ORS 9.080 and 9.200 do not constitute an unlawful or unconstitutional delegation of legislative authority.

Exhibit V to Affidavit of Marjorie Speirs, p. 2. Final judgment was entered on June 9, 1998. This final judgment was affirmed by the Oregon Court of Appeals, and review was denied by the Oregon Supreme Court. These are the same issues that Erwin has raised in the action before this court. Erwin is precluded from relitigating these claims in this federal court.

 To the extent that Erwin seeks to appeal to this court from the state court action, such an appeal is not proper and is barred by the *Rooker–Feldman* doctrine which bars the lower federal court from exercising appellate jurisdiction over a state court action, even when the challenge involves federal constitutional issues. *See Worldwide Church of God v. McNair,* 805 F.2d 888, 890–91 (9th Cir.1986).

## CONCLUSION

The court rules as follows:

1) defendant Oregon State Bar's motion to dismiss and alternative motion for summary judgment (# 13) is granted;

2) defendant State of Oregon's motion to dismiss (# 17) is granted;

3) plaintiff's motion for a hearing to present evidence in support of factual statement of counsel (# 28) is denied; and

4) plaintiff's motion to strike (# 32) is denied.