Argued and submitted February 8, appeal dismissed June 27, reconsideration denied August 17, petition for review denied September 18, 1984 (297 Or 824)

## STRAND CENTURY, INC.,
*Appellant,*

*v.*

## DALLAS et al,
*Respondents.*

### (16-82-06749; CA A27904)

683 P2d 561

James N. Westwood, Portland, argued the cause for appellant. With him on the briefs were William B. Crow, and Miller, Nash, Yerke, Wiener & Hager, Portland.

John B. Arnold, Eugene, argued the cause for respondents. With him on the brief was Harrang, Swanson, Long & Watkinson, P. C., Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner submitted a bid for installation of spot-lights and related accessories in the Eugene Performing Arts Center. The city awarded the contract to another bidder. Petitioner sought a writ of mandamus to compel the city to award the contract to it on the ground that it had submitted the lowest bid. The trial court dismissed the petition for writ of mandamus on defendants' motion. Petitioner appeals.

■ ■    After the notice of appeal was filed, defendants moved to dismiss the appeal on the grounds that the contract had been fully performed and petitioner cannot obtain the relief requested. Defendants submitted an affidavit with the motion stating that the lights and accessories had been installed.[1] We agree that the issue is moot and dismiss the appeal. Petitioner sought only to compel the city to award the contract to it. It did not request an injunction against performance of the contract or seek any damages. Because the contract is fully performed, the court cannot grant the relief requested. *Greyhound Park v. Ore. Racing Com.,* 215 Or 76, 332 P2d 634 (1958).

Petitioner contends that, if we determine the question is moot, we should not dismiss the appeal but should address the merits because of the substantial public interest regarding the contracting authority of public bodies. *See Perry v. Oregon Liquor Commission,* 180 Or 495, 177 P2d 406 (1947); *Whipple v. OSAA,* 52 Or App 419, 629 P2d 384, *rev den* 291 Or 504 (1981). In *Perry,* the court said:

> "We agree that courts ordinarily do not determine moot questions. There is, however, a well recognized exception to this general rule. Where the question is one involving the public welfare, and there is a likelihood of it being raised again in the future, a court in the exercise of its discretion may decide it for the guidance of an official administrative agency." 180 Or at 498-99.

---

[1] Petitioner argues that the facts concerning performance of the contract are not properly before this court. An affidavit is an appropriate method of furnishing information outside the trial court record relevant to a motion to dismiss an appeal. *Amazon Coop. Tenants v. Bd. High. Ed.,* 15 Or App 418, 516 P2d 89 (1973), *rev den* (1974).

The essential issue is whether the awarding of a public contract can be challenged in a mandamus proceeding. In 1983, the legislature adopted ORS 279.067, which provides:

"Any bidder adversely affected may commence a suit in the circuit court for the county in which are located the principal offices of the local contract review board or the local government agency, for the purpose of requiring compliance with, or prevention of violations of, ORS 279.011 to 279.061, or to determine the applicability of ORS 279.011 to 279.061 to matters or decisions of the board or agency. The court may order such equitable relief as it considers appropriate in the circumstances. A decision of the local contract review board or the local government agency shall not be voided if other equitable relief is available. The court may order payment of reasonable attorney fees and costs to a successful party in a suit brought under this section."

There is now a special proceeding to challenge the award of a public contract and addressing the merits of this controversy would not add to the law.

Appeal dismissed.