684 P.2d 611 (1984)
69 Or.App. 127
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Local No. 659, and Gerald Dyck, Appellants,
v.
CENTRAL LINCOLN PEOPLE'S UTILITY DISTRICT, Frank Lundy, Thomas S. Tymchuk, Elden Nordahl, Winifred Thompson and Frank Armstrong, Respondents.
No. CV83-0591; CA A29347.
Court of Appeals of Oregon.
Argued and Submitted May 30, 1984.
Decided July 11, 1984.
*612 Donald S. Richardson, Portland, argued the cause for appellants. With him on the briefs was Richardson & Murphy, Portland.
J.P. Graff, Portland, argued the cause for respondents. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.
Before GILLETTE, P.J., and VAN HOOMISSEN and YOUNG, JJ.
GILLETTE, Presiding Judge.
Plaintiffs, a local of an electrical workers union (the union) and one of its members, sought a declaratory judgment that defendants, a people's utility district (the district) and its directors, violated ORS 261.345(2)[1] by entering into a contract for tree trimming services without requiring the contractor to pay the prevailing wage to its employes. They asked the court to declare the contract void and to enjoin defendants from entering into future contracts without requiring the contractors to pay the prevailing wage. The trial court granted summary judgment dismissing the complaint on the ground that plaintiffs lack standing. We hold that the union has standing and reverse and remand for further proceedings.
We first consider defendants' motion to dismiss the appeal as moot and plaintiffs' motion to supplement the record. Defendants point out that the challenged contract has expired by its own terms and argue that, even if this court holds that plaintiffs have standing, there is nothing left for the trial court to determine. Plaintiffs emphasize their request for an injunction, which the trial court could still grant despite the expiration of the contract, and argue that the situation is "capable of repetition, yet evading review," and thus should not be considered moot. See Whipple v. OSAA, 52 Or. App. 419, 629 P.2d 384, rev. den. 291 Or. 504, 634 P.2d 1347 (1981); see also Southern Pacific Transp. Co. v. ICC, *613 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). In their motion to supplement the record, they ask us to consider a new contract that the defendants have made with a different tree trimming contractor, which allegedly has defects similar to those in the previous contract.
We grant the motion to supplement the record and deny the motion to dismiss. As the new contract shows, the case is capable of repetition, but the new contract is for a five year period, and we thus cannot say that it will evade review. However, plaintiffs' request for an injunction against future violations of the statute is independent of any particular violation, and the issue of plaintiffs' standing is of sufficient public importance that we will consider it even if we would otherwise treat the case as moot. Perry v. Oregon Liquor Commission, 180 Or. 495, 177 P.2d 406 (1947); Harris v. Board of Parole, 47 Or. App. 289, 614 P.2d 602, rev. den. 290 Or. 157 (1980).[2] We therefore turn to the standing issue.
Plaintiffs presented evidence that all contractors, except the one with which the district made the contract in question, who engage in tree trimming near high voltage power lines in the district's geographical area have contracts with the union and that, under those contracts, they pay wages significantly greater than those paid under either of the contracts plaintiffs challenge. Plaintiffs also presented evidence that the district, if it performs the work directly, is required under its contract with the union to pay wages similar to those which union contractors pay. If this evidence is correct, plaintiffs have shown that the district's contractors are not paying the "prevailing" wage. The district's failure in the first contract to require the payment of the prevailing wage and its understatement of the amount of that wage in the second contract have damaged the employes of the district's contractors.[3] The question is whether plaintiffs have shown any economic harm to themselves.
ORS 28.020 requires plaintiffs to show that the district's action has affected their "rights, status or other legal relations * * *." This requires them to show "some injury or other impact on a legally recognized interest * * *." Budget Rent-A-Car v. Multnomah Co., 287 Or. 93, 95, 597 P.2d 1232 (1979). We have held that a potential bidder has a protected economic interest in ensuring that a city complies with statutory bidding requirements and that allegations that alleged violations of those requirements kept it from bidding were sufficient to give it standing to seek a declaratory judgment. Morse Bros. Prestress v. City of Lake Oswego, 55 Or. App. 960, 640 P.2d 650 (1982). Here, the union has an interest in protecting its members' jobs and incomes. If the district contracts to have tree trimming services performed at less than the prevailing wage, then union contractors will be less likely to be successful bidders and union members will be less likely to have the work. Either the union's members will be without work or the union will have to lower the wage scale in its contracts to allow union contractors to bid on equal terms with non-union contractors. In either case, the union and its members *614 will be damaged in fact. The law is designed in part to protect existing wage scales, and the damage would thus be to a legally protected interest. It is not necessary to show that a union contractor would get the job if the district complies with the law; all that is necessary for the union to have standing is a showing that it is less likely that a union contractor would get the job as a result of the district's violation. The union's allegations, if borne out, show that. It has standing to seek a declaratory judgment.[4]
Reversed and remanded for further proceedings as to plaintiff union; affirmed as to plaintiff Dyck.
NOTES
[1] ORS 261.345(2) provides:

"The minimum scale of wages to be paid by a people's utility district or by any contractor or subcontractor for such district shall be not less than the prevailing wage for the character of work in the same trade in the largest city having a population of 5,000 or more in the district, or if there is none, the nearest to the district."
[2] This case is different from Strand Century, Inc. v. Dallas, 68 Or. App. 705, 683 P.2d 561 (1984), in that plaintiffs continue to have a non-abstract dispute with defendants over the matters at issue and there has been no recent change in the law.
[3] ORS 279.348(1) defines "prevailing rate of wage" as

"[T]he rate of hourly wage, including all fringe benefits * * *, paid in the locality to the majority of workers employed on projects of similar character in the same trade or occupation, as determined by the Commissioner of the Bureau of Labor and Industries."
If there is no majority wage, the average wage is the prevailing wage. Although the district appears to be a public agency covered by the prevailing wage provisions of ORS 279.348 to 279.365, see ORS 279.348(3), (5), neither party refers to this statute, to its various enforcement mechanisms or to any wage determination by the Commissioner. ORS 261.345(2) has no definition of "prevailing wage," and we find the definition in ORS 279.348(1) appropriate, aside from the requirement of a determination by the Commissioner. Under that definition the union wage would be the prevailing wage if plaintiffs' facts are correct.
[4] Plaintiff Dyck is a union member and a voter within the district. There is no indication that he works or has worked as a tree trimmer or that the district's actions affect his employment opportunities or his wages. He has not shown any interest "beyond an abstract interest in the correct application or the validity" of the district's contract. Budget Rent-A-Car v. Multnomah Co., supra, 287 Or. at 95, 597 P.2d 1232. On this record, he does not have standing.