Argued and submitted November 10, 1986, reversed and remanded May 6, 1987

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL NO. 659,
*Appellant,*

*v.*

CENTRAL LINCOLN PEOPLE'S
UTILITY DISTRICT et al,
*Respondents.*

(CV83-0591; CA A38159)

736 P2d 606

Donald S. Richardson, Portland, argued the cause for appellant. With him on the briefs were Norman D. Malbin and Richardson, Murphy & Lawrence, Portland.

Allan M. Muir, Portland, argued the cause for respondents.

With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

This is the second time that we have heard aspects of the parties' dispute over the application of ORS 261.345(2). *See Int'l Electrical Workers v. Central Lincoln PUD,* 69 Or App 127, 684 P2d 611 (1984). Plaintiff now appeals a judgment dismissing with prejudice its action for a declaration that a contract between defendant People's Utility District (defendant) and a contractor for tree trimming services is void, because the contract does not require the contractor to pay the "prevailing wage" which plaintiff asserts that ORS 261.345(2) requires. The court concluded that plaintiff had failed to introduce evidence of the "prevailing wage" in Newport and granted defendant's motion to dismiss at the close of plaintiff's evidence. ORCP 54B(2).[1] We reverse and remand.

ORS 261.345(2) provides:

"The minimum scale of wages to be paid by a people's utility district or by any contractor or subcontractor for such district shall be not less than the prevailing wage for the character of work in the same trade in the largest city having a population of 5,000 or more in the district, or if there is none, the nearest to the district."

The parties stipulated that Newport is the largest city in the relevant district. Plaintiff introduced evidence of the wage rate in the collective bargaining agreements which covered defendant's employes who do tree trimming work in Newport. Plaintiff asserts that that rate is the "prevailing wage" under ORS 261.345(2). The trial court, however, stated:

"[T]here certainly has been evidence that there's a cable company, a telephone company, the county, that have people that do this type of work, and there is no evidence as to what they're paid for any of that work. And while I realize it may or

---

[1] ORCP 54B(2) provides:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the plaintiff, the court shall make findings as provided in Rule 62."

may not be different, at least we don't have anything to show what it is.

"* * * * *

"I really don't understand why Plaintiff did not bring in somebody from the telephone company, the county road crew, or county personnel, or the park, or somebody else that does some of this type of work, or the cable company, to show what they do and what type of work they do and what their rates are. It might have given the Court some basis for making a determination."

Although there is no definition of "prevailing wage" in ORS Chapter 261, we have stated that, under certain circumstances, the union rate can be the "prevailing wage." In *Int'l Electrical Workers v. Central Lincoln PUD, supra,* 69 Or App at 130, we stated:

"Plaintiffs presented evidence that all contractors, except the one with which the district made the contract in question, who engage in tree trimming near high voltage power lines in the district's geographical area have contracts with the union and that, under those contracts, they pay wages significantly greater than those paid under either of the contracts plaintiffs challenge. Plaintiffs also presented evidence that the district, if it performs the work directly, is required under its contract with the union to pay wages similar to those which union contractors pay. *If this evidence is correct,* plaintiffs have shown that the district's contractors are not paying the 'prevailing' wage." (Emphasis supplied.)

In a footnote, we added:

"ORS 279.348(1) defines 'prevailing rate of wage' as

'[T]he rate of hourly wage, including all fringe benefits * * *, paid in the locality to the majority of workers employed on projects of similar character in the same trade or occupation, as determined by the Commissioner of the Bureau of Labor and Industries.'

"If there is no majority wage, the average wage is the prevailing wage. Although the district appears to be a public agency covered by the prevailing wage provisions of ORS 279.348 to 279.365, *see* ORS 279.348(3), (5), neither party refers to this statute, to its various enforcement mechanisms or to any wage determination by the Commissioner. ORS 261.345(2) has no definition of 'prevailing wage,' and we find the definition in ORS 279.348(1) appropriate, aside from the requirement of a determination by the Commissioner. Under that definition

the union wage would be the prevailing wage *if plaintiffs' facts are correct.*" 69 Or App at 130 n 3. (Emphasis supplied.)[2]

In the face of a motion to dismiss under ORCP 54B(2), plaintiff's evidence of the "prevailing wage" had to be sufficient to show that the majority of the workers in Newport who do work of the same character and in the same trade as the tree trimmers whom defendant employs are paid more than the rate that defendant's contractor pays the tree trimmers whom it employs. Plaintiff asserts that the evidence in its case shows that *only* tree trimmers who work near the high voltage power lines of defendant do the "character of work in the same trade" in Newport. It asserts that the evidence shows that other tree trimmers in Newport do not work near high voltage power lines. Accordingly, it argues that it need not prove what those workers are paid. Defendant responds that the evidence in plaintiff's case shows that there are other tree trimmers in Newport who do work of the same character as the tree trimmers whom defendant employs but that plaintiff failed to show what those workers are paid. Accordingly, defendant argues, the court was correct when it granted the motion to dismiss.

The court stated that "there certainly has been evidence" that tree trimmers for the cable company, telephone company and county do work of the same character as tree trimmers that defendant employs. There was, however, other evidence to the contrary. Plaintiff would have established that "the union wage would be the prevailing wage," *Int'l Electrical Workers v. Central Lincoln PUD, supra,* 69 Or App at 130 n 3, if the court had resolved the conflicts in the evidence in plaintiff's favor. The court did not resolve the conflicts in favor of either party.[3] Accordingly, the court erred when it granted defendant's motion to dismiss under ORCP 54B(2). *See Castro and Castro,* 51 Or App 707, 626 P2d 950 (1981).

Reversed and remanded.

---

[2] OAR 839-16-100(1)(c) exempts contracts of defendant from the application of ORS 279.348.

[3] The court also did not make findings as provided in ORCP 62. *See* ORCP 54B(2).