On petition for reconsideration from order denying petition for review dated April 6,\* petition for reconsideration and petition for review allowed; decision of Court of Appeals vacated and case remanded to circuit court with instructions July 29, reconsideration denied November 2, 1999

**FIRST COMMERCE OF AMERICA, INC.,**
an Oregon corporation,
*Plaintiff,*

*v.*

**NIMBUS CENTER ASSOCIATES,**
an Oregon joint venture consisting of
George H. Killian and Joseph W. Angel,
George H. Killian, Joseph W. Angel,
William R. Robinson, Constance A. Robinson,
Chester Robinson Trust, Evelyn Z. Robinson,
and Washington County,
a political subdivision of
the State of Oregon,
*Defendants,*

**NIMBUS CENTER ASSOCIATES,**
an Oregon joint venture consisting of
George H. Killian and Joseph W. Angel,
George H. Killian and Joseph W. Angel,
*Petitioners on Review,*

*v.*

**NATIONAL MORTGAGE CO.,**
an Oregon corporation,
*Respondent on Review.*

(CC C931118CV; CA A93182; SC S45921)

986 P2d 556

---

\* Appeal from Washington County Circuit Court, Gregory E. Milnes and Michael J. McElligott, Judges. 153 Or App 561, 958 P2d 850 (1998).

Jacob Tanzer, John J. Dunbar and Steve C. Berman, of Ball Janik LLP, and Gary M. Berne, David A. Lokting and Scott Shorr, of Stoll Stoll Berne Lokting and Shlachter P.C., Portland, filed the petitions for petitioners on review.

No appearance *contra*.

Before Carson, Chief Justice, and Gillette, Durham, Kulongoski, and Leeson, Justices.**

LEESON, J.

---

** Van Hoomissen and Riggs, JJ., did not participate in the consideration or decision of this case.

**LEESON, J.**

Defendants Nimbus Center Associates, George H. Killian, and Joseph W. Angel (Nimbus) petitioned for review of a Court of Appeals' decision that dismissed their appeal as moot. *First Commerce of America v. Nimbus Center Assoc.*, 153 Or App 561, 958 P2d 850 (1998). After this court denied review, Nimbus petitioned for reconsideration. Although we agree with the Court of Appeals that, given the procedural posture of this case, Nimbus's claims are moot, the proper remedy for disposing of the claims is to vacate the judgment and to dismiss the claims as moot. Accordingly, we allow the petition for reconsideration, allow review, vacate the decision of the Court of Appeals, and remand the case to the circuit court with instructions to vacate the judgment dismissing Nimbus's third-party claims on the merits and to dismiss those claims as moot. We also address the ground on which we allowed a motion to supplement the record with information outside the circuit court record.

Benjamin Franklin Savings and Loan loaned Nimbus $2.5 million. Benjamin Franklin Savings and Loan became insolvent, and the Resolution Trust Corporation (RTC) became the owner of the loan. RTC proposed to auction the Nimbus loan. National Mortgage Company (National) is in the business of buying such loans. One of National's brokers was acquainted with an officer of Nimbus. Based on a contact between the broker and the officer, Nimbus came to believe that it had an agreement with National that National would purchase the loan at the RTC auction at a substantial discount ($900,000) and then sell the loan to Nimbus for the discounted price plus a five-to-ten percent markup. National purchased the loan, but another broker at National sold the Nimbus loan to First Commerce of America (First Commerce).

First Commerce believed that Nimbus was in default on the loan and filed this action against Nimbus to recover on the loan. Nimbus asserted various defenses against First Commerce's claims. Nimbus also asserted third-party claims against National, arising from what Nimbus alleged was its agreement with National. As

pleaded, Nimbus's affirmative defenses and third-party claims were identical:

> "For its affirmative defenses and further as third party claims, defendants allege:
>
> > ### "FIRST AFFIRMATIVE DEFENSE AND FIRST THIRD-PARTY CLAIM AGAINST NATIONAL MORTGAGE CO. ('NMC') (Negligence)
>
> "* * * * *
>
> > ### "SECOND AFFIRMATIVE DEFENSE AND SECOND THIRD-PARTY CLAIM AGAINST NMC (Breach of Fiduciary Duty)
>
> "* * * * *"

Further, in relevant part, the prayer for relief stated:

> "[T]o the extent it is adjudged or decreed that Nimbus and/ or Angel [and Killian] must pay any amount to plaintiff, that Nimbus and Angel [and Killian] have a judgment against [National] for an amount equal to any amount which Nimbus or Angel [or Killian] must pay plaintiff together with interest * * *."

In short, Nimbus's third-party claims against National were dependent on the outcome of First Commerce's claims against Nimbus.

The circuit court dismissed Nimbus's third-party claims against National on the merits, but, because the judgment was not in the form of an ORCP 67 B judgment, it was not final and appealable.[1] Thereafter, First Commerce and

---

[1] ORCP 67 B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of

Nimbus settled their dispute, and the circuit court entered a stipulated judgment of dismissal of First Commerce's action. Nimbus appealed, assigning error to the judgment of dismissal of its third-party claims against National.

The Court of Appeals held, generally, that third-party claims are dependent on the primary claims and concluded that, given the stipulated dismissal of the primary claims and the absence of any evidence of a continuing controversy between Nimbus and National, the appeal was moot. *First Commerce of America*, 153 Or App at 566-67. The Court of Appeals dismissed Nimbus's appeal on that ground. *Id.* at 567.

Nimbus then filed a petition for reconsideration of the Court of Appeals' decision. It included in its petition for reconsideration a request to supplement the record on appeal with documents showing the terms of the settlement between Nimbus and First Commerce. Nimbus contended that those documents would show that Nimbus paid considerably more than $900,000 to First Commerce. As previously noted, Nimbus believed it had contracted to purchase the loan from National for $900,000 plus a five-to-ten percent markup. Because it paid First Commerce more than it would have had to pay National under the alleged agreement between Nimbus and National, Nimbus argued that it was damaged by National's sale of the loan to First Commerce and, therefore, its third-party claims against National were not moot. The Court of Appeals denied the petition for reconsideration, but it did not rule on Nimbus's request to supplement the record.

Nimbus petitioned for review and renewed its request to supplement the record with evidence concerning the terms of its settlement with First Commerce. In the course of considering the petition for review, we posed certain questions to the parties: (1) Whether Nimbus's claims against National properly were pleaded as third-party claims; (2) if not, then whether National waived the pleading defect; (3) if Nimbus's claims properly were pleaded as third-party claims, or if Nimbus improperly pleaded its claims as

---

judgment adjudicating all the claims and the rights and liabilities of all the parties."

third-party claims but National waived the defect, and the Court of Appeals correctly determined that the third-party claims were moot, then whether the correct remedy was to vacate the judgment of dismissal of Nimbus's third-party claims and to dismiss the third-party complaint as moot; and (4) if Nimbus's third-party claims were dismissed as moot, then whether the dismissal would have the effect of permitting Nimbus to refile its claims against National as a complaint in a new action.

After considering the parties' responses to our questions, this court allowed in part the motion to supplement the record, but denied review.[2] Nimbus then petitioned for reconsideration "only for the purpose of obtaining clarification of the effect that this Court's order has on the disposition of the appeal." We agree that the disposition of the appeal requires clarification.

However, before discussing the correct disposition of the appeal, we comment on Nimbus's request to supplement the record. Nimbus requested leave to supplement the record with the terms of its settlement with First Commerce under ORS 19.365(4).[3] We allowed the motion to supplement the record, but not under ORS 19.365(4), because that statute has no role here. ORS 19.365(4) applies when the record on appeal is incomplete or does not contain material that should have been part of the circuit court file. This is not a case in which the parties made the terms of the settlement between Nimbus and First Commerce part of the circuit court record and, thereafter, the documents evincing the settlement were

---

[2] The court's amended order provided:

"Petitioners on review ('Nimbus') have moved to supplement the record with information about the terms of the settlement between First Commerce and Nimbus. The motion is allowed in that the court assumes the information would show that Nimbus was liable to First Commerce in an amount substantially in excess of $900,000; otherwise, the motion is denied. Nimbus is not required to forward evidence of the terms of settlement.

"The petition for review is denied."

[3] ORS 19.365(4) provides:

"When it appears to the appellate court that the record on appeal is erroneous or that the record does not contain material that should have been part of the trial court file, and the erroneous or incomplete record substantially affects the merits of the appeal, on motion of a party or on its own motion the court may make such order to correct or supplement the record as may be just."

lost, destroyed, misfiled, or otherwise became missing from the circuit court file. Nor is this a case, for example, in which the parties tendered for filing documents that they thought contained the terms of their settlement, but, in fact, were some other documents, such as an earlier, unsigned draft of terms rather than the final, signed terms.

■      When an appellate court considers an assertion that a case has become moot, evidence demonstrating that fact may appear in the circuit court record. An example is *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 738 P2d 1389 (1987), in which the circuit court record showed that the case was moot when the circuit court decided it, because the high school commencement ceremony at issue already had occurred. More commonly, however, an event that may render a case moot occurs during the pendency of the appeal and after the circuit court record has been forwarded to the appellate court. In such circumstances, ORS 19.365(4) does not give the appellate court authority to consider the evidence, because the evidence was never part of, nor inadvertently omitted from, the circuit court record.

■      Mootness is a species of justiciability, and a court of law exercising the judicial power of the state has authority to decide only justiciable controversies. *Barcik v. Kubiaczyk*, 321 Or 174, 188-89, 895 P2d 765 (1995) (under Article III, section 1, and Article VII (Amended), section 1, of the Oregon Constitution, the judicial power of the state vested in courts limited to actual controversies between parties); *Mid-County Future Alt. v. Metro Area LGBG*, 304 Or 89, 92, 742 P2d 47 (1987) (same, referring to Article III, section 1, of the Oregon Constitution).

■      If a case is not justiciable because an event that is not reflected in the circuit court record has rendered the case moot, then an appellate court has the inherent power to consider evidence of that event. This is such a case. Although the event that rendered the third-party claims moot occurred when the case still was pending in the circuit court (that is, entry of the judgment of dismissal of First Commerce's claims against Nimbus), the parties did not make the terms of the settlement underlying the judgment of dismissal part of the circuit court record. Nor did the parties intend that the

terms of their settlement become part of the record and merely inadvertently failed to do so.

■    In deciding to grant Nimbus's request to supplement the record with evidence of the terms of the settlement between Nimbus and First Commerce, we exercised our inherent power to consider evidence of an event that might have rendered Nimbus's third-party claims moot. That power derives from our duty to determine whether a justiciable controversy continued to exist.[4] *See Martin v. Harrison,* 182 Or 121, 180 P2d 119 (1947) (court considered information from appellant's counsel's affidavit setting out certain facts outside record in support of motion for relief from default and opposing motion to dismiss appeal for lack of prosecution); *Moe v. Pratt,* 178 Or 320, 166 P2d 479 (1946) (court considered appellant's counsel's affidavit regarding circumstances under which notice of appeal was given, in response to motion to dismiss). *See also Int'l Electrical Workers v. Central Lincoln PUD,* 69 Or App 127, 129-30, 684 P2d 611 (1984) (granting motion to supplement record made in connection with motion to dismiss as moot); *Strand Century v. Dallas,* 68 Or App 705, 707 n 1, 683 P2d 561, *rev den* 297 Or 824 (1984) ("[a]n affidavit is an appropriate method of furnishing information outside the trial court record relevant to a motion to dismiss an appeal" on mootness grounds).

    When we allowed Nimbus's motion to supplement the record, we did not require Nimbus to submit evidence of the terms of the settlement, for two reasons. First, the parties agreed that the terms of the settlement required Nimbus to pay First Commerce well in excess of the $900,000 (plus a five-to-ten percent markup), the amount for which Nimbus alleges that National agreed to sell the loan to Nimbus. Second, the details of the terms of the settlement would not have changed our conclusion that, because of the manner in which Nimbus pleaded its third-party claims as coextensive with its affirmative defenses to the primary claims, the third-party

---

[4] If the occurrence or nature of the event in question is disputed, then the parties might need to make a factual record. At the appellate level, that can be facilitated by remanding the matter to the circuit court or by appointing a special master to take evidence of the event. In this case, the parties do not dispute the occurrence of the event or its nature, only its legal significance.

claims became moot upon the dismissal of First Commerce's claims against Nimbus.

We turn to the proper procedural disposition of this case, acknowledging at the outset that this court has been inconsistent in the manner in which it has disposed of a judgment on appeal after determining that a case has become moot. For instance, in *Oregon Republican Party v. State of Oregon*, 301 Or 437, 722 P2d 1237 (1986), the Oregon Republican Party sought to determine the propriety of its plan to encourage absentee voter participation by furnishing voters with stamped, self-addressed envelopes and absentee ballot request forms. The action was filed in October 1984 relating to a November 1984 election. This court determined that the matter became moot when the election occurred, reversed the decision of the Court of Appeals that addressed the merits of the action, and remanded the case to the Court of Appeals with instructions to dismiss the appeal. *Id.* at 440-41. The better practice would have been to vacate the decision of the Court of Appeals and to remand the case to the circuit court with instructions to vacate the judgment. In that case, however, there was no harm in merely dismissing the appeal, because it appears that there were no potential future consequences arising from the continued existence of the circuit court's judgment.

By contrast, in *Kay*, which challenged a plan to include a formal prayer at a high school graduation ceremony, the court determined that the case became moot when the graduation ceremony took place. 303 Or at 579. The court reversed the decision of the Court of Appeals on the merits, but it also remanded the case to the circuit court with instructions to vacate the judgment.

On reflection, we hold that the better practice when a case becomes moot on appeal or on review is to vacate both the decision of the Court of Appeals and the circuit court judgment. *See Lowe v. Keisling*, 320 Or 570, 577, 889 P2d 916 (1995) (Unis, J., dissenting) (so stating). Reversal implies that a court incorrectly decided the case on the merits. Vacation of a decision, by contrast, suggests nothing about the propriety of the decision on the merits, because it conveys the message that the decision on the merits ought not to have

been rendered at all (if the controversy was moot when the case was decided) or ought not have prospective effect (if the controversy became moot after the case was decided).

After determining that the case was moot, the Court of Appeals dismissed Nimbus's appeal. Although dismissal of an appeal does not necessarily result in an affirmance of the judgment being appealed, dismissal of an appeal unquestionably leaves the judgment in place.[5] The judgment disposing of Nimbus's third-party claims against National was a disposition on the merits of those claims. Under familiar principles of claim preclusion, if the judgment were left in place, then the judgment might preclude Nimbus from asserting its claims against National in a new action. As explained above, Nimbus's claims against National, pleaded as third-party claims, became moot on entry of the judgment disposing of the primary claims, thereby precluding appellate review of the propriety of the dismissal of the third-party claims on their merits. Therefore, rather than merely dismissing the appeal, the Court of Appeals also should have vacated the judgment disposing of the third-party claims and remanded with instructions to dismiss those claims as moot.

The petition for reconsideration is allowed. The petition for review is allowed. The decision of the Court of Appeals is vacated, and the case is remanded to the circuit court with instructions to vacate the judgment disposing of the third-party claims and to dismiss the third-party claims as moot.

---

[5] ORS 19.410(2) provides:

"Dismissal of an appeal shall operate as an affirmance of the judgment being appealed if the appellate court so directs in the order of dismissal."