Argued and submitted December 20, 2001, judgment vacated and appeal dismissed March 13, 2002

PORTLAND GENERAL ELECTRIC COMPANY,
an Oregon corporation,
and Carl B. Talton,
*Appellants,*

*v.*

CITY OF PORTLAND,
an Oregon municipal corporation;
and Gary Blackmer, city auditor,
*Respondents.*

0003-02780; A112654

41 P3d 1126

Barbee B. Lyon argued the cause for appellants. With him on the briefs was Tonkon Torp LLP.

Frank Hudson argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiffs appeal a summary judgment declaring that the City of Portland Auditor (City Auditor) may authorize a proposed initiative for circulation. For the reasons that follow, we vacate the judgment and dismiss the appeal.

The relevant facts are undisputed. The Portland City Charter gives the City of Portland (city) the power to "purchase, condemn or otherwise acquire" any public utility that serves the city or its citizens. Portland City Charter § 10.102. On February 18, 2000, Laurence Tuttle presented a proposed initiative measure to the City Auditor for submission to the voters on the May 22, 2002, ballot. The proposal would add a new section to the charter requiring the city to acquire certain utilities under specified conditions.

On March 20, 2000, plaintiffs filed a complaint seeking a declaration that the proposed initiative is not "legislative" in nature and therefore not the proper subject of the initiative power reserved under Article IV, section 1(5), of the Oregon Constitution, and further seeking an injunction preventing the City Auditor from certifying the proposed initiative measure. Both plaintiffs and defendants moved for summary judgment. On November 15, 2000, the trial court granted defendants' motion and denied plaintiffs' motion, declaring that the proposed initiative measure is a proper subject of the initiative power.

Plaintiffs appealed. This court heard oral argument on December 20, 2001, and took the matter under advisement. Meanwhile, the January 22, 2002, deadline passed for the submission of the required initiative petition signatures to the City Auditor. Plaintiffs then, pursuant to ORAP 8.45, submitted a notice of probable mootness and moved to vacate the judgment and dismiss the appeal.

Defendants do not contest the fact that the initiative was proposed for the May 2002 election and that the deadline for submission of initiative petition signatures for that election has passed. They nevertheless contend that the matter is not moot because the City Auditor has the discretion to

accept late signature submittals. Defendants cite no authority for that asserted discretion. Plaintiffs, in reply, cite Portland City Code section 2.04.090, which provides, in part:

"A. The Auditor shall not accept a petition for signature verification which does not satisfy the requirements of this chapter and other applicable law. Petitions shall be verified in the order in which they are filed with the Auditor.

"* * * * *

"D. An initiative petition shall:

"1. Be filed with the Auditor for signature verification no less than four months before the election date specified on the petition. *Failure to meet this filing deadline shall render the petition void.*"

(Emphasis added.)

Again, defendants concede that the petition was filed for the May 22, 2002, election, and they do not contest plaintiffs' assertion that the January 22, 2002, deadline has passed without signatures in support of the proposed initiative having been submitted to the City Auditor. If the failure to meet the filing deadline renders the petition void, as the City Code plainly states, we do not understand—and defendants entirely fail to explain—how this matter presents a live controversy for us to resolve. We therefore conclude that the matter is moot, the judgment should be vacated, *see First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 209, 986 P2d 556 (1999), and the appeal should be dismissed.

Judgment vacated and appeal dismissed.