Argued and submitted February 8, 2005, appeal dismissed July 5, appellant's petition for reconsideration filed August 23 allowed by opinion November 1, 2006
See 209 Or App 77, _____ P3d _____ (2006)

# PORTLAND GENERAL ELECTRIC COMPANY,
## *Respondent,*

*v.*

# INTERNATIONAL BROTHERHOOD OF
# ELECTRICAL WORKERS, LOCAL 125,
## *Appellant.*

## 02-05-05132; A122868

138 P3d 857

John S. Bishop argued the cause for appellant. With him on the briefs was McKanna Bishop Joffe & Sullivan, LLP.

David B. Markowitz argued the cause for respondent. With him on the brief were Jeffrey M. Batchelor, Lisa A. Kaner, Christine T. Herrick, Paul Bierly, and Markowitz, Herbold, Glade & Mehlhaf, P.C.

Before Linder, Presiding Judge, and Haselton* and Ortega, Judges.

LINDER, P. J.

---

* Haselton, J., *vice* Ceniceros, S. J.

## LINDER, P. J.

■ This case involves grievances filed by certain members of defendant International Brotherhood of Electrical Workers, Local 125, against plaintiff Portland General Electric, challenging plaintiff's—and its parent company Enron's—treatment of the members' pension plans. Plaintiff commenced this action, pursuant to ORS 28.010,[1] seeking a declaration that the grievances were not subject to arbitration under the parties' collective bargaining agreement. After hearing cross-motions for summary judgment, the trial court concluded that the grievances were not subject to arbitration and entered judgment for plaintiff. Defendant appeals. We do not reach the merits of the parties' arguments because we conclude that a judgment in a related action, which was entered while this appeal was pending, precludes defendant and its members from pursuing their grievances and therefore moots this appeal. Accordingly, we dismiss.

The related action is *Tittle v. Enron Corp.*, Civil Action No. H-01-3913 (SD Tex 2005)—a class action commenced in Texas on behalf of all participants in and beneficiaries of certain Enron pension and savings plans, which include the union members who filed the underlying grievances in this case. The parties to the *Tittle* class action reached a partial settlement agreement that was subsequently approved by the federal court in Texas and was incorporated in a final judgment. The settlement agreement contains a "Bar Order" that includes two provisions of particular significance to this case. One provision specifically refers to this case and expressly bars all claims against plaintiff by defendant or its members that might arise from or relate to the claims in this case. It states, in part:

"18. The Court hereby bars all Claims against [Enron and plaintiff PGE[2]] by the IBEW [defendant International

---

[1] Although actions involving contracts between an employer and "a labor organization representing employees in an industry affecting commerce" are frequently brought in federal court pursuant to 29 USC § 185, state and federal courts have concurrent jurisdiction to decide such cases. *Dowd Box Co. v. Courtney*, 368 US 502, 82 S Ct 519, 7 L Ed 2d 483 (1962).

[2] The settlement agreement refers to the "Releasees," which it defines to include affiliates of Enron, as well as Enron. At all relevant times, plaintiff was a

Brotherhood of Electrical Workers] and its members arising from or relating to the claims asserted in that certain litigation styled *Portland General Electric v. International Brotherhood of Electrical Workers*, Local 125, Case No. A122868 and case No. 0205-05732, currently pending in the Court of Appeals of the State of Oregon and Multnomah County Circuit Court, respectively[.]"

The next paragraph (paragraph 19) is also significant. It "permanently enjoins" the class members from bringing any released claims against Enron and plaintiff. It is sweeping in its scope and prevents the class members from bringing the released claims "derivatively or on behalf of themselves, or through any person purporting to act on their behalf * * * in any forum, action or proceeding of any kind[.]"

■     We asked the parties to address what effect, if any, the settlement agreement has on this case. Plaintiff responds that the settlement agreement compensated the union members for the underlying grievances in this case and specifically enjoins the union and its members from pursuing the grievances. According to plaintiff, because defendant and its members cannot pursue the grievances underlying this case, the case is moot. Defendant makes several arguments in response as to why we should not address mootness and why this case is not moot. Defendant also states parenthetically that it "does not concede" that the settlement agreement encompasses the underlying grievances in this case. But defendant provides no explanation or argument as to why the settlement agreement would not apply to the grievances at issue here. Plaintiff, on the other hand, explains in some detail why the terms of the settlement agreement encompass both the parties and the claims in this case. Based on the express terms of the settlement agreement, we conclude that the settlement action in the Texas case precludes defendant and its members from pursuing the grievances underlying this case. *See First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 206, 986 P2d 556 (1999) (an appellate court has the inherent power to consider evidence of an event that is not reflected in the circuit court record and make a

wholly owned subsidiary of Enron and, according to plaintiff, therefore qualifies as a "Releasee." Defendant does not dispute plaintiff's status as a "Releasee."

determination as to whether the event moots the case). We turn to defendant's arguments regarding mootness.

■ First, defendant argues that it is for the arbitrator, not this court, to decide whether this case is moot. Defendant points to several federal cases that stress that a court's inquiry into whether a claim is arbitrable is limited by 9 USC section 4, which directs a court to compel arbitration if it is satisfied that there is an arbitration agreement that has not been complied with.[3] Defendant insists that mootness does not fall into the limited scope of that inquiry and, therefore, that this court should not decide the issue.

We disagree with defendant's analysis. We have no power to decide a moot case. *Yancy v. Shatzer,* 337 Or 345, 363, 97 P3d 1161 (2004). Thus, even if 9 USC section 4 directed us to disregard the issue of mootness, there would be a significant question whether we could do so. That statute, however, purports to do no such thing. It directs federal courts of otherwise competent jurisdiction to compel arbitration under certain circumstances.[4] In other words, it presupposes that there is a court that has jurisdiction and instructs the court on how to proceed. It does not, however, purport to limit or enlarge the court's jurisdiction. Thus, contrary to defendant's argument, we are required to determine whether this case is moot.

■ Defendant next argues that, although the Texas judgment may have settled the underlying grievances in this

---

[3] That section provides, in part:

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

[4] It is not even clear whether the statute applies to this court at all. The statute is aimed at federal district courts and makes no mention of a state court that is determining arbitrability. At most, the United States Supreme Court has suggested—but not held—that the statute may also apply to state courts determining arbitrability. *See Moses H. Cone Hosp. v. Mercury Const. Corp.,* 460 US 1, 26, 103 S Ct 927, 74 L Ed 2d 765 (1983) (raising issue but not deciding it).

case, the case still is not moot, because the issue here is whether the grievances are arbitrable and that issue still presents a live controversy. We disagree. A claim becomes moot when, because of a change of circumstances before review, the decision would merely resolve an abstract question without practical effect. *State ex rel Juv. Dept. v. Holland*, 290 Or 765, 767, 625 P2d 1318 (1981). For example, a third-party or other derivative claim becomes moot where the underlying dispute is settled because any liability on the third-party claim would be purely hypothetical. *First Commerce of America*, 329 Or at 202. Here, too, the underlying grievances have been settled, and thus any decision as to their arbitrability would merely resolve an abstract question without any practical effect. We therefore reject defendant's argument that arbitrability remains a live issue.

Finally, defendant argues that this case is not moot because leaving the trial court's judgment intact will have a practical effect on defendant's rights in that it may prevent defendant from arbitrating future grievances similar to the ones at issue here. The Oregon Supreme Court rejected a similar argument in *Kerr v. Bradbury*, 340 Or 241, 131 P3d 737 (2006). In that case, this court had held that the Secretary of State should have been enjoined from approving an initiative petition for circulation on the ground that the initiative did not comply with Article IV, section 1(2)(d), of the Oregon Constitution. 193 Or App 304, 89 P3d 1227 (2004). The Supreme Court took review but then dismissed it after the initiative failed to garner enough signatures to qualify for the ballot. The court rejected the Secretary of State's argument that the case was not moot because he was required to comply with this court's interpretation of Article IV, which had a practical effect on his responsibilities. The court deemed that argument to be a request for an advisory opinion, to which the judicial power does not extend. 340 Or at 244. We likewise conclude that defendant's argument in this case is a request for an advisory opinion, one that we do not have the power to provide.

Appeal dismissed.