On appellant's petition for reconsideration filed August 23, reconsideration allowed; former opinion (206 Or App 662, 138 P3d 857) modified and adhered to as modified; circuit court judgment vacated; appeal dismissed November 1, 2006

# PORTLAND GENERAL ELECTRIC COMPANY,
*Respondent,*

*v.*

# INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 125,
*Appellant.*

02-05-05132; A122868

146 P3d 333

See also 228 FRD 541

John S. Bishop, Elizabeth A. Joffe, and McKanna Bishop Joffe & Sullivan, LLP for petition.

Before Linder, Presiding Judge, and Haselton and Ortega, Judges.

LINDER, P. J.

## LINDER, P. J.

Defendant International Brotherhood of Electrical Workers, Local 125, petitions for reconsideration of our decision in *PGE v. Int'l Brotherhood of Electrical Workers*, 206 Or App 662, 138 P3d 857 (2006), that dismissed its appeal as moot. Because we concluded that the appeal had become moot, defendant now asks us to vacate the circuit court judgment from which it appealed. We allow the petition for reconsideration and modify our former opinion by vacating that judgment.

To briefly recap the posture of this case, defendant pursued grievances filed by some of its members against plaintiff Portland General Electric. Those grievances challenged plaintiff's—and its parent company Enron's—treatment of the members' pension plans. Plaintiff brought this action seeking a declaration that the grievances were not subject to arbitration under the parties' collective bargaining agreement. The trial court agreed with plaintiff and entered a judgment accordingly. Defendant appealed. Meanwhile, a related class action—the *"Tittle"* case[1]—was underway in Texas. The class in that case included the union members who filed the underlying grievances in this case. While this appeal was pending, the parties in *Tittle* entered into a partial settlement agreement, one that was approved by the federal court and incorporated in the federal court's final judgment. The settlement included a "bar order" that identified this case by caption and court number and specifically barred the claims presented in this case. The settlement further enjoined the class members from bringing those and other released claims in any forum, action, or proceeding of any kind, whether the class members did so directly, derivatively, or through someone purporting to act on their behalf.

In dismissing the appeal on mootness grounds, we did not consider—nor did the parties ask us to consider—whether we should vacate the circuit court judgment declaring that defendant's grievances were not subject to arbitration. Defendant asks us for that relief now.[2] In arguing for vacatur, defendant relies principally on the Oregon

---

[1] *Tittle v. Enron Corp.*, Civil Action H-01-3913, 228 FRD 541 (SD Tex 2005).

[2] Defendant does so without waiving its right to seek review by the Oregon Supreme Court of our determination that the underlying controversy is moot.

Supreme Court's recent decision in *City of Eugene v. PERB*, 341 Or 120, 137 P3d 1288 (2006). In that case, the Oregon Supreme Court considered what a party must show to demonstrate an equitable entitlement to the extraordinary relief of vacatur when an appeal has become moot as a result of a settlement. One "significant factor," according to the court, is whether the party seeking vacatur "contributed to the events that mooted the underlying controversy." *Id.* at 126. In addition, the party must show that "equity calls for vacatur"—*i.e.*, that the party seeking such relief "ought not in fairness to be forced to acquiesce in the judgment." *Id.* at 127 (brackets and internal quotation marks omitted). Defendant asserts that it satisfies both inquiries. We agree.

Defendant argues, first, that it played no role in negotiating, agreeing to, or otherwise being a part of the settlement of the *Tittle* litigation. The record before us does not suggest otherwise. To be sure, the federal court judgment—along with the settlement agreement and bar order that it incorporates—is specifically directed to the claims in this case, which are brought by defendant on behalf of its members who filed the grievances against plaintiff. If defendant's assertion of nonparticipation in the settlement required us to question the federal court's jurisdiction to enter such an order, we would be limited in our ability to do so. *See generally Aguirre v. Albertson's, Inc.*, 201 Or App 31, 40-45, 117 P3d 1012 (2005) (discussing narrow circumstances in which a state court may entertain a collateral attack on a federal judgment). But defendant's assertion does not require that. The issue, for purposes of vacatur, is not whether the federal judgment validly bars the claims in this case and enjoins the *Tittle* class members from pursing their grievances; the issue is only whether defendant played a contributory role in bringing about that result. Defendant represents that it made no appearance in the *Tittle* action and did not participate in any way in the negotiations that led to the settlement and bar order. Plaintiff does not dispute those representations. Under the circumstances, we are satisfied that defendant did not have a role in mooting this case that should preclude vacatur as a remedy.

The second question is whether vacatur in this case is equitable. Defendant asserts that it would be

"unfair to force [it] to acquiesce in a judicial interpretation of its [collective bargaining agreement] with which it does not agree. *Cf. Kerr* [*v. Bradbury*, 340 Or 241, 251, 131 P3d 737, *adh'd to on recons*, 341 Or 200, 140 P3d 1131 (2006)] (holding denial of vacatur appropriate so long as it would not force Secretary of State to acquiesce in a constitutional interpretation with which he disagreed)."

Defendant points out that it strongly disputed the trial court's authority to construe the collective bargaining agreement, along with the circuit court's conclusion that the underlying grievances are not subject to arbitration. Our determination that the appeal has become moot by the settlement in the *Tittle* action forecloses defendant from potentially vindicating its legal position and obtaining a contrary declaration. As a result, defendant will be forced to acquiesce in what it believes is a misreading of the collective bargaining agreement, unless the judgment is vacated. That is particularly concerning to defendant because the circuit court's construction of the arbitration clause in the declaratory judgment may unfairly be used against defendant in the parties' future labor relations. Plaintiff takes no position to the contrary on the equities of the situation.

In light of the continuing nature of the parties' labor relations and their potential future interests in the construction of their arbitration clause, we agree with defendant that it should not have to acquiesce in the declaration issued by the circuit court in this case. As in *City of Eugene*, 341 Or at 127, equity justifies vacating the trial court judgment because the case has been rendered moot by the settlement in *Tittle*.

Reconsideration allowed; former opinion modified and adhered to as modified; circuit court judgment vacated; appeal dismissed.